WILLIAM TAMAYO, REGIONAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT
350 THE EMBARCADERO, SUITE 500
SAN FRANCISCO, CALIFORNIA 94105-1260

JOHN F. STANLEY, SUPERVISORY TRIAL ATTORNEY
TERI HEALY, SENIOR TRIAL ATTORNEY
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WA 98104
teri.healy@eeoc.gov
Tel:  (206) 220-6915
Fax: (206) 220-6911

ATTORNEYS FOR PLAINTIFF EEOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>                    Plaintiff,<br><br>and<br><br>MICHAEL GONZALES, JAYSON LEWIS<br><br>          Plaintiffs in Intervention<br><br>                    v.<br><br>          VIDEO ONLY, INC.<br><br>          Defendants**.** | CIVIL ACTION NO.  CV 06-1362-KI<br><br>HEALY DECLARATION IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE |

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO
COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION
MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

I, Teri Healy, declare under penalty of perjury under the laws of the State of Washington that the following statements are true and correct, that I am over eighteen years of age and am competent to testify to the following from personal knowledge:

1.  I am an attorney employed by the U.S. Equal Employment Opportunity Commission ("EEOC"), and the lead attorney assigned to litigate, *EEOC and Lewis, Gonzales v. Video Only, Inc.*.

2.  On January 3, 2006 Michael Gonzales filed a charge of discrimination with the EEOC. On January 4, 2006, Jayson Lewis filed a charge of discrimination with the EEOC.

3.  On January 31, 2006 and February 1, 2006, Defendant provided training to its Oregon Managers.  *See* Exhibit I below.  A true and correct copy of excerpts from the anti-harassment training materials associated with this training are attached hereto as Exhibit A.

4.  Video Only responded to Lewis and Gonzales' charges on February 3, 2006.  In its position statement Video Only stated that it took adequate remedial measures citing its post-complaint investigation.  Attached hereto as Exhibit B is a true and correct copy of Counsel for Video Only Scott T. Cliffs' letter dated February 3, 2006 regarding Michael Gonzales.  Attached hereto as Exhibit C is a true and correct copy of Counsel for Video Only Scott Cliffs' letter dated February 3, 2006 regarding Jayson Lewis.  Video Only's position statement also relied on its internal harassment policy contained in its employee handbook a copy of which was provided

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO
COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION
MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 2 of 10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

with its position statement.  Attached hereto as Exhibit D is a true and correct copy of this policy bates stamped EEOC 000312.

5.  On March 2, 2006, EEOC requested that Defendant provide documentation related to its post-complaint investigation.  Attached hereto as Exhibit E is a true and correct copy of EEOC's letter dated March 2, 2006.

6.  On April 7, 2007, Video Only informed the EEOC it intended to assert the attorney-client and work product privileges as to the investigation conducted by Mr. Cliff.  Attached hereto as Exhibit F is a true and correct copy of Video Only Counsel Amy Alpern's letter dated April 7, 2006.  After this date Video Only continued to use the factual information gathered during the investigation to support its defense to liability.  In a letter dated August 21, 2006, Video Only counsel Amy Joseph Pederson wrote: "This incident was schoolboy behavior that at least one of the complainants participated in and even instigated."  Attached hereto as Exhibit G is a redacted copy of Video Only Counsel, Amy Joseph Pederson's August 21, 2006.  Portions of the letter containing information regarding prior settlement discussions have been redacted.

7.  On April 24, 2006, in connection with Lewis and Gonzales charges, the EEOC investigator interviewed Video Only Employee Travis Herron.  Attached hereto as Exhibit H is a true and correct copy of EEOC investigator's notes of Herron's interview.

8.  EEOC, after completing its investigating Lewis' and Gonzales' claims of harassment and Retaliation, on July 14, 2006, issued Determinations finding reasonable cause to believe that

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO
COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION
MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 3 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Defendant's actions violated Title VII.  After efforts to conciliate the charges failed, EEOC filed this lawsuit on September 25, 2006.

9.  On January 25, 2007, EEOC served its First Sets of Interrogatories and Requests for Production.  On February 26, 2007, Video Only responded to EEOC's Discovery.  Attached hereto as Exhibit I is a true and correct copy of excerpts from Defendant's Response To Plaintiff EEOC's First Set of Interrogatories and Defendant's Response To Plaintiff EEOC's First Set of Request for Production of Documents.  (Only those portions which are relevant to Plaintiffs motions are attached.)  Video Only's response objected to every single request.

10.  On March 1, 2007 and 3, 2007, I participated in two telephone conference calls with counsel for defendant Clarence Belnavis and Rachelle Barton and counsel for Intervenor Plaintiffs Andrew Altschul.  During the conference the parties discussed all of Defendant's objections to Plaintiffs' discovery.  Together these two telephone conferences lasted approximately five hours.  At the end of the March 3, 2007 conference Video Only agreed to produce supplemental responses to Plaintiffs' discovery by March 16, 2007.

11.  On March 15, 2007, I received a telephone call from Rachelle Barton requesting an extension to provide Video Only's supplemental responses by March 28.  Plaintiff Intervenors and I agreed to this extension.  On March 21, 2007, I sent the parties a letter which memorialized our discussions on March 1 and March 3.  Attached hereto as Exhibit J is a true and correct copy of my March 21, 2007 letter.  On March 27, 2007, Ms. Barton again telephoned me requesting an

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 4 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

extension to respond to discovery.  Plaintiff Intervenors and I granted Defendant another

extension allowing it to respond to EEOC's interrogatories by March 28, 2006 and EEOC's

Requests for Production by April 6, 2007.

12.  During the March 1, 2007 and March 3, 2007 telephone conferences, one of many

issued discussed was Defendant's temporal limitations to its discovery responses.  Defendant

limited its responses providing information limited to the time period that Lewis and Gonzales

were employed at Video Only.  As a result of our discussions Defendant agreed to modify its

discovery responses to include information two (2) years prior to Lewis and Gonzales'

employment; information dating back to January 2003.  I informed counsel at that time that I

believed EEOC's request seeking information five years prior was reasonable.  In my March 21,

2007 letter I provided case law to support my position.  *See* Exhibit J above.  Defendant refused

to expand its responses to include information dating back to 2000.

13.  Another issue discussed during the March 1, 2007 and March 3, 2007 discovery

conference was Defendant's objection to providing any information on complaints of

discrimination on bases other than what was raised in the EEOC complaint.  The parties were

unable to come to an agreeable resolution on this issue.  The parties did agreed that Video Only

would notify EEOC if there were any prior complaints on any basis dating back to 2000.  During

a subsequent telephone call Mr. Belnavis indicated that Defendant was not aware of any other

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO
COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION
MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 5 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

complaints other than Lewis, Gonzales, Herron, and Guralnick.  Defendant has not supplemented its discovery in this regard.

14.  During the March 1, 2007 and March 3, 2007 telephone conference the parties discussed defendant's refusal to disclose its post-complaint internal investigation documentation. The Defendant refused to provide any of the information based on the attorney client privilege and work product doctrine.

15.  During the March 1, 2007 and March 3, 2007 telephone conferences the parties also discussed the production of Defendant's financial information.  Defendant agreed to provide the requested financial information once a protective order was in place.  I agreed to draft the protective order and circulate it to the parties for their input and approval.

16.  On March 22, 2007, by e-mail I circulated a draft protective order which was the result of the parties' ongoing discussions about this issue.  Attached hereto as Exhibit K is my March 22, 2007 e-mail with attached draft protective order.

17.  On March 23, 2007, I received an e-mail response from Clarence Belnavis.  He requested only one additional change to the protective order regarding the definition of "authorized representatives" contained in footnote 1.  On the same day, after the parties reached agreement on language for footnote 1, I resent the revised stipulated protective order and requested permission to electronically sign and file the order.  Attached hereto as Exhibit L is a true and correct copy of the parties March 23, 2007 e-mail correspondence relating to the draft

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 6 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

protective order.  I did not receive any response to this e-mail from counsel for Video Only.  On March 27, 2007, I sent a follow up e-mail.  Ms. Barton responded to this e-mail indicating that Mr. Belnavis was out of the office.  Attached hereto as Exhibit M is a true and correct copy of the March 27, 2007 e-mail correspondence regarding the protective order.

18.  On March 28, 2007, Video Only served EEOC with supplemental responses to EEOC's Interrogatories.  On April 6, 2007 Video Only served EEOC with its revised supplemental response to EEOC's interrogatories.  Attached hereto as Exhibit N is a true and correct copy of excerpts from the Defendant's Supplemental Response To Plaintiff EEOC's First Set of Interrogatories and Defendant's Revised Response To Plaintiff EEOC's First Set of Interrogatories.  (Only those portions which are relevant to Plaintiffs motions are attached.)  On this date I also received a letter from Barton taking issue with some of the statements in my March 21, 2007 letter.  Video Only did not dispute my articulation of the parties' agreement regarding Defendant's financial documents.  Attached hereto as Exhibit O is a true and correct copy of Ms. Barton's March 28, 2007 letter.  After receiving these responses I discussed the supplemental responses with counsel for defendant on April 6 and 10, 2007.

19.  On April 5, 2007, Video Only amended its Responses to EEOC's discovery requests regarding financial records.  Attached hereto as Exhibit P is a true and correct copy of excerpts from the Defendant's Supplemental Response To Plaintiff EEOC's First Set of Request for

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 7 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

Production of Documents.  (Only those portions which are relevant to Plaintiffs motions are attached.)

20.  On March 19, 2007, Video Only provided Plaintiffs with a privilege log of documents withheld from discovery.  Attached hereto as Exhibit Q is a true and correct copy of Defendant's March 19, 2007 privilege log.  Along with this privilege log defendant provided a copy of Oregon Ethics Opinion 2005-80.  Attached hereto as Exhibit R is a true and correct copy of Oregon Ethics Opinion 2005-80.  Based on Travis Herron's statement to the EEOC during his investigation interviews, exhibit J above, I believed that Video Only had taped its internal investigation interviews with Video Only employees.  Also, During discovery Defendant had produced releases signed by Lewis and Gonzales which requested consent to record the interview.  Attached hereto as Exhibit S is a true and correct copy of these releases bates numbered 100597-98.  I reviewed Defendant's March 19, 2006 privilege log and there was no entry which reflected cassette tape recordings of Scott Cliff's Interviews with Video Only employees.  Defendant's privilege log did have entries which appeared to be for a release similar to Exhibit S for other Video Only employees interviewed.

21.  On March 23, 2007, I notified Video Only by e-mail that the audio cassette recordings were not on its March 19, 2007 privilege log.  Attached hereto as Exhibit T is a true and correct copy of my March 19, 2007 e-mail regarding audio cassette recordings.  On March 28, 2007, Ms. Barton responded by e-mail indicating that Defendant was not aware of any audio

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 8 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

cassette recordings.  Attached hereto as Exhibit U is a true and correct copy of Ms. Barton's

March 28, 2007 e-mail regarding the audio cassette recordings.

22.  On April 3, 2006, I received an e-mail from Altschul providing defendant with

additional information for Plaintiffs's belief that the seventeen interviews conducted by Scott

Cliff were taped.  Ms. Barton responded to this e-mail indicating that Defendant was "actively

working on obtaining what exists."  Attached hereto as Exhibit V is a true and correct copy of

the April 3, 2007 e-mail correspondence between Mr. Altschul and Ms. Barton.  On April 20,

2007, Video Only amend its privilege log to include additional documents.  This amended

privilege log did not contain any reference to audio cassette recordings.  Attached hereto as

Exhibit W is a true and correct copy of Defendant's April 20, 2007 revised privilege log.

I declare under penalty of perjury under the laws of the United States that the foregoing

is true and correct to the best of my knowledge and belief.

EXECUTED this _18th_ day of May, 2007.


Teri Healy

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO
COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION
MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 9 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2007, I electronically served the foregoing "Declaration of Teri Healy in Support of Plaintiffs Joint Motion to Compel and Plaintiffs' Joint Motion To Compel Investigation Materials or Alternatively Motion for Partial Summary Judgment On Defendant's Second Affirmative Defense" to:

Clarence M. Belnavis
Rachelle Hong Barton
FISHER & PHILLIPS LLP
111 South West Fifth Avenue, Suite 1250
Portland, Oregon 97204
Phone:  503-242-4262
Fax:       503-242-4263
Email Addresses:
cbelnavis@laborlawyers.com
Attorneys for Defendant

Andrew M. Alschul
ALTSCHUL LAW OFFICE, PC
117 South West Taylor Street, Suite 2600
Portland, Oregon 97204
Phone:  503-417-0444
Fax:       503-417-0501
Email:  andrew@portlandemploymentlaw.com
Attorney for Plaintiffs in Intervention

DATED this 18th day of May, 2007.


Teri Healy
Senior Trial Attorney, EEOC

DECLARATION OF TERI HEALY IN SUPPORT OF PLAINTIFFS' JOINT MOTION TO
COMPEL AND PLAINTIFFS' JOINT MOTION TO COMPEL INVESTIGATION
MATERIALS OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT
ON DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

EEOC and Lewis, Gonzales v. Video Only, Inc.
Case No. CV 06-1362-KI
Page 10 of 10

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington  98104-1061
Telephone:  (206) 220-6885
Facsimile:  (206) 220-6911
TDD:  (206) 220-6882